**FILED**
JAN 0 9 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-21 |
| JASMINE PARRISH | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorneys for said District, and submit this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a five-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Conspiracy to Commit Bank Robbery<br>June 23, 2018 to November 21, 2018 | 18 U.S.C. § 371 |
| Two | Armed Bank Robbery<br>On or about June 23, 2018 | 18 U.S.C. §§ 2 and 2113(d) |
| Three | Armed Bank Robbery<br>On or about September 6, 2018 | 18 U.S.C. §§ 2 and 2113(d) |
| Four | Bank Robbery<br>On or about October 18, 2018 | 18 U.S.C. §§ 2 and 2113(a) |
| Five | Bank Robbery<br>On or about November 21, 2018 | 18 U.S.C. §§ 2 and 2213(a) |

## II.  ELEMENTS OF THE OFFENSES

**A.  As to Count One:**

In order for the crime of Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit offenses against the United States, as charged in the Indictment;

2. That JASMINE PARRISH was a party to or member of that agreement;

3. That JASMINE PARRISH joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that JASMINE PARRISH and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit an offense against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.  As to Counts Two and Three:**

In order for the crime of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2 and 2113(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That JASMINE PARRISH took money that was in the care, custody, or possession of the bank named in the Indictment, or from the bank while others, namely employees of the bank, were present;

2. That JASMINE PARRISH used force, violence, or intimidation;

3. That JASMINE PARRISH intentionally put the lives of the employees of the bank named in the Indictment in jeopardy by the use of a dangerous weapon or device while taking the money; and

4. The deposits of the bank named in the Indictment were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

**D.     As to Counts Four and Five:**

In order for the crime of Bank Robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That JASMINE PARRISH took money that was in the care, custody, or possession of t the banked named in the Indictment, or from the bank, while others, namely employees of the bank , were present;

2. That JASMINE PARRISH used force, violence, or intimidation;

3. The deposits of the bank named in the Indictment were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

### III.     PENALTIES

**A.     As to Count One: Conspiracy to Commit Bank Robbery (18 U.S.C. § 371):**

1. A term of imprisonment of not more than five (5) years (18 U.S.C. § 371);

2. A fine not more than the greater of;

   (a)     $250,000 (18 U.S.C. § 3571(b)(3));

or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   4. Any or all of the above.

  **B.** **As to Counts Two and Three: Armed Bank Robbery (18 U.S.C. §§ 2 and 2113(d)):**

   1. A term of imprisonment of not more than twenty-five (25) years (18 U.S.C. § 2113(d)).

   2. A fine of not more than the greater of:

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    <u>or</u>

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

   3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583).

   4. Any or all of the above.

  **D.** **As to Counts Four and Five: Bank Robbery (18 U.S.C. §§ 2 and 2113(a)):**

   1. A term of imprisonment of not more than twenty (20) years (18 U.S.C. §

2.  A fine of not more than the greater of:

    (a)  $250,000 (18 U.S.C. § 3571(b)(3));

    <u>or</u>

    (b)  an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.  A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4.  Any or all of the above.

## IV.   **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.   **RESTITUTION**

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence, pursuant to 18 U.S.C. §§ 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774